# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

RONALD HUNTER,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 18-1317
Criminal Case No. 92-cr-81058

## MEMORANDUM ORDER AND OPINION

Presently before the Court is Petitioner Ronald Hunter's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (D. 1[1].)  For the reasons stated herein, the Petition is DENIED, and this case is CLOSED.

## BACKGROUND

In the 1980s and 1990s, Timothy Patton was the leader of a large drug conspiracy that maintained its power and profitability through violence in Detroit, Michigan.[2]  Petitioner and other individuals were members of the conspiracy.[3]  On December 27, 1992, Petitioner shot and killed Monica Johnson as she exited a Detroit nightclub.[4]  Johnson was purported to have stolen a large amount of drug proceeds from the conspiracy.[5]

On April 17, 1997, a grand jury returned a fourth superseding indictment charging Petitioner with aiding and abetting and intentional killing of Johnson in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848(e)(1)(A); use or carrying of a firearm in violation of 18 U.S.C. § 924(c); and

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] *United States v. Sellers*, 9 F. App'x 335, 337 (6th Cir. 2001).
[3] *Id.*
[4] *Id.*
[5] *Id.*

various drug violations, including conspiracy to possess with intent to distribute cocaine base.[6] After a jury trial, Petitioner was found guilty of 18 U.S.C. § 2 and 21 U.S.C. § 848(e)(1)(A), for the intentional killing of Johnson, and 18 U.S.C. § 924(c), for the use of a firearm in her murder.[7]

On November 16, 1998, Petitioner was sentenced to a term of life imprisonment on the intentional killing charge and a consecutive term of 60 months for the firearm charge.[8] Petitioner appealed his sentence, and the Sixth Circuit issued an order denying his appeal.[9]

## PROCEDURAL HISTORY

Since his incarceration in 1998, Petitioner has filed four motions under 28 U.S.C. § 2255 collaterally attacking his conviction. On February 19, 2003, Petitioner filed his first § 2255 motion, which outlined a claim for ineffective assistance of counsel, in the U.S. District Court for the Eastern District of Michigan.[10] On March 14, 2003, Petitioner filed a subsequent § 2255 motion, in the same court, which outlined the same claim for relief.[11] On January 4, 2004, the district court denied those motions in a single order.[12]

On February 25, 2004, Petitioner filed a Notice of Appeal based on the district court's combined denial of his first and second § 2255 motions.[13] On October 28, 2004, the Sixth Circuit issued an Order denying Petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right.[14]

---

[6] Memorandum Opinion and Order, 92-cr-81058 (E.D. Mich. Sept. 19, 2005), ECF No. 807.
[7] *Id.*
[8] Memorandum Opinion and Order, 92-cr-81058 (E.D. Mich. Sept. 19, 2005), ECF No. 807 at 2.
[9] *Id.*
[10] Motion, USA v. Crawford, 92-cr-81058 (E.D. Mich. Feb. 19, 2003), ECF No. 755 at 11.
[11] Motion, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Mar. 14, 2003), ECF No. 759 at 11.
[12] Order, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Jan. 05, 2004), ECF No. 785.
[13] Notice, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Feb. 25, 2004), ECF No. 788.
[14] Order, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Nov. 4, 2004), ECF No. 799.

On December 10, 2007, Petitioner filed his third § 2255 motion.[15] In his motion, he argued the indictment against him was defective because it failed to charge him with engaging in a continued criminal enterprise.[16] By statute, "a second or successive [2255] motion must be certified…by a panel of the appropriate court of appeals" before a district court may consider it. 28 U.S.C. § 2255(h) (effective Jan. 7, 2008). Based on § 2255(h), the district court ruled that it did not have jurisdiction to entertain Petitioner's third § 2255 motion, as he failed to obtain appellate certification, and denied his successive attempt at collateral relief. *Hunter v. United States*, No. 07-15267, 2008 WL 345511, at *2 (E.D. Mich. Feb. 7, 2008).

On April 14, 2011, Petitioner filed his fourth § 2255 motion.[17] The district court again determined the motion was successive, to which it did not have jurisdiction to entertain, and transferred the motion to the Sixth Circuit for authorization.[18] The Sixth Circuit agreed that the motion was successive and that Petitioner had not received appellate certification to file it.[19] Furthermore, it ruled Petitioner failed to make a prima facie showing that (i) newly discovered evidence existed which sufficiently established that no reasonable fact-finder would have found him guilty of the offense; or that (ii) a previously unavailable rule of constitutional law existed that the Supreme Court had made retroactive to cases on collateral review.[20] As such, it denied his fourth § 2255 motion.[21]

On August 30, 2018, Petitioner filed the instant Petition, under 28 U.S.C. § 2241, with this Court, arguing that retroactive application of the Supreme Court's holding in *Rosemond v. United States*, 572 U.S. 65 (2014), exonerates him of his 1997 convictions. (D. 1. at 14, 16.) Petitioner

---

[15] Motion, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Dec. 10, 2007), ECF No. 828.
[16] *Id*.
[17] Motion, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Apr. 14, 2011), ECF No. 873.
[18] Order, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. May 04, 2011), ECF No. 875.
[19] *Id*.
[20] Order, USA v. Crawford, No. 92-cr-81058 (E.D. Mich. Feb. 29, 2012), ECF No. 876.
[21] *Id*.

asserts the prosecution at his criminal trial failed to proffer sufficient evidence to convict him of

the firearm enhancement under 18 U.S.C. § 924(c), using the aiding and abetting statute, 18 U.S.C.

§ 2, according to the advanced knowledge requirements outlined in *Rosemond*. *Id*. Throughout

his Petition, Petitioner also makes other merit-based arguments. (D. 1.)

In response, the Government argues that the Petition should be denied because *Rosemond*

is not applicable to Petitioner's firearm conviction under § 924(c). (D. 6 at 6.) Specifically, it

argues, Petitioner was not convicted of his firearm enhancement via the aiding and abetting statute.

*Id*. Rather, the aiding and abetting charge involved the intentional killing of Johnson. *Id.*

Therefore, Petitioner's ability to proceed under 28 U.S.C. § 2241 ends, as the clarification outlined

in *Rosemond* is inapposite to Petitioner's situation. *Id*. The Government also asserts that, even if

Petitioner could make a claim under *Rosemond*, he must first satisfy the procedural requirements

for a § 2241 petition outlined in *In re Davenport*, 147 F.3d 606, 611 (7th Cir. 1998); which he fails

to do. (D. 6. at 6-7.) As a result, the Government contends his Petition should be denied on

procedural grounds. *Id*. This Order follows.

## LEGAL STANDARD

A federal prisoner challenging the validity of his sentence is ordinarily required to bring

his challenge via a § 2255 motion in the sentencing court. *Taylor v. Gilkey*, 314 F.3d 832, 834

(7th Cir. 2002). However, a federal prisoner whose claim falls within the scope of § 2255 may

file a writ of habeas corpus under 28 U.S.C. § 2241 in very limited circumstances, as provided by

the savings clause of § 2255(e). *Id.* at 835. The savings clause preserves the defendant's original

remedy in those occasional cases in which a motion under § 2255 "is inadequate or ineffective to

test the legality of his detention." *Id.* at 834 (quoting 28 U.S.C. § 2255(e)).

The Seventh Circuit has ruled that in order to invoke the savings clause of § 2255(e), a prisoner must satisfy three requirements, known as *Davenport* conditions, based on a change in the law. *Davenport*, 147 F.3d at 611. After determining that there is a change in the law, the defendant must establish that: (1) he relies on not a constitutional case, but a statutory-interpretation case, so that he could not have invoked it by means of a second or successive § 2255 motion; (2) the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding; and (3) the error is "grave enough . . . to be deemed a miscarriage of justice corrigible . . . in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citing *Davenport*, 147 F.3d 606).

To satisfy the first *Davenport* requirement, the petitioner must rely on a case of statutory interpretation. *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). The second *Davenport* condition has two components: retroactivity and prior unavailability of the challenge. *Montana v. Cross*, 829 F.3d at 783. To satisfy the retroactivity requirement, the petitioner must show that the change in the law is substantive. *Id*. A petitioner satisfies the unavailability requirement in his § 2241 petition only "if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" *Id*. at 784 (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)). Finally, to satisfy the third *Davenport* requirement, "the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis*, 863 F.3d at 964 (citing *Montana*, 829 F.3d at 783).

## DISCUSSION

Petitioner presents several procedural and merits-based arguments in his Petition. As noted in the preceding section, and asserted by the Government, Petitioner must first demonstrate that

his Petition satisfies the three *Davenport* conditions before the Court can move to the merits of his claim. Here, it is clear that he does not.

### I. Petitioner Incorrectly Asserts *Rosemond* is Applicable to His Case

Petitioner contends he is entitled to relief under *Rosemond*, which clarified the interplay between aiding and abetting liability under 18 U.S.C. § 2 and the substantive firearms offense in 18 U.S.C. § 924(c). (D. 1 at 14, 16.) Specifically, he alleges the jury instructions at his criminal trial permitted a firearms conviction without requiring a finding that he had advanced knowledge that a firearm would be used in the killing of Johnson. (D. 1 at 14-15.) *Rosemond*, he contends, makes clear that such knowledge is necessary for conviction under the aiding and abetting statute. *Id*.

Petitioner's reading of *Rosemond*'s effect on the interaction between 18 U.S.C. § 924(c) and aiding and abetting under 18 U.S.C. § 2 is accurate, but the interaction is not applicable to him. According to Petitioner's presentence investigation report, it does not appear he was convicted of the firearm enhancement via 18 U.S.C. § 2, as was the case in *Rosemond*. (D. 8.) Rather, the aiding and abetting charge, outlined in Count 4, was tied to the murder of Johnson in furtherance of a continuing criminal enterprise.[22] Although *Rosemond* helped to clarify the interaction between 18 U.S.C. § 924(c) and 18 U.S.C. § 2, there is no interaction in the case at hand. Petitioner's aiding and abetting conviction under 18 U.S.C. § 2 was combined with the intentional killing charge under 21 U.S.C. § 848(e)(1)(A) in Count 4, and was not combined with the § 924(c) firearms charge outlined in Count 5. As a result, the clarification in *Rosemond* is inapplicable to Petitioner's convictions, his ability to proceed procedurally under § 2241 is terminated, and his Petition is DENIED.

---

[22] Order, USA v. Crawford, 92-cr-81058 (6th Cir. 2013), ECF No. 886.

**CONCLUSION**

In his Petition under 28 U.S.C. § 2241, Petitioner asserts that the retroactive application of the heightened aiding and abetting standard detailed in *Rosemond* would result in any reasonable juror finding him not guilty of his aiding and abetting charge in 1997. While *Rosemond* resolved the interaction between aiding and abetting under 18 U.S.C. § 2, and a firearms charge under § 924(c), there is no such interaction at play in the instant case. As such, this Court finds that *Rosemond* is not applicable to Petitioner's case. Accordingly, the [1] Petition for Writ of Habeas Corpus under § 2241 is DENIED. The Clerk of Court is directed to close this case.

Entered on July 31, 2019.                                    /s/ Michael M. Mihm
                                                                        Michael M. Mihm
                                                                        United States District Judge