UNITED STATES DISTRICT 1COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RONALD HUNTER,

    Petitioner,

v.

STEVE KALLIS,

    Respondent.

Case No. 18-1317

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner's Motion for Reconsideration. (D. 12[1]). For the reasons stated herein, the Motion is DENIED, and the case remains CLOSED.

## PROCEDURAL HISTORY

On August 30, 2018, Petitioner Ronald Hunter filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that the retroactive application of *Rosemond v. United States*, 572 U.S. 65 (2014), exonerated him of his convictions. (D. 1, pp. 14, 16). On July 31, 2019, this Court denied his petition and dismissed his claim, as he failed to satisfy the procedural requirements to consider the merits of his petition. (D. 10). Judgment was entered on August 2, 2019. (D. 11). On August 30, 2019, Petitioner filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (D. 12). This Order follows.

## LEGAL STANDARD

A motion to alter or amend a judgment must be filed no later than twenty-eight days after judgment is entered. FED. R. CIV. P. 59(e). A timely motion under Rule 59(e) is effectively a

---

[1] Citations to the Docket in this case are abbreviated as "D. ___."

motion for reconsideration. Motions under Rule 59(e) are granted in rare circumstances to correct manifest errors of law or fact, to present new evidence, or where there has been an intervening and substantial change in the controlling law. *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999). A party moving for reconsideration bears a heavy burden of establishing the court should reverse its prior judgment. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). In a motion to reconsider, it is not appropriate to argue matters that could have been raised in prior motions or to rehash previously rejected arguments. *Caisse Nationale*, 90 F.3d at 1270.

## ANALYSIS

In his Motion for Reconsideration, Petitioner argues (1) the Court's ruling is misplaced in light of *United States v. Moore*, 936 F.2d 1508 (7th Cir. 1991) and *United States v. Salazar*, 983 F.2d 778 (7th Cir. 1991); (2) *Rosemond v. United States*, 572 U.S. 65 (2014), applies to his case because, according to Petitioner, his aiding and abetting conviction under 18 U.S.C. § 2 was combined with the 18 U.S.C. § 924(c) firearm charge in Count 5 of his indictment; and (3) the jury relied on confusing jury instructions. Petitioner does not introduce any new evidence in his Motion, so the Court limits its review to correcting any manifest errors of law or fact.

First, Petitioner argues this Court should reconsider its decision based on *Moore* and *Salazar*, which were both issued in 1991. Motions under Rule 59(e) do not allow a party to advance arguments that could and should have been presented to the district court prior to judgment. *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Because

Petitioner had the opportunity to present these cases in his petition or reply and failed to do so, his arguments based on *Moore* and *Salazar* cannot be advanced now. Therefore, Petitioner's first ground for reconsideration is DENIED.

Next, Petitioner asserts that the Supreme Court's holding in *Rosemond* applies to his case because his aiding and abetting conviction under 18 U.S.C. § 2 was combined with the 18 U.S.C. § 924(c) firearm charge in Count 5 of his indictment. (D. 12, p. 2). Petitioner made the same argument in his petition. In its previous Order, this Court reiterated that his aiding and abetting conviction under 18 U.S.C. § 2 was combined with the intentional killing charge under 21 U.S.C. § 848(e)(1)(A) in Count 4 of the indictment.[2] It was not combined with the § 924(c) firearms charge outlined in Count 5 as Petitioner claims. Therefore, the clarification *Rosemond* provided between 18 U.S.C. § 924(c) and 18 U.S.C. § 2 does not apply. Petitioner's second ground for reconsideration is also DENIED.

Lastly, Petitioner contends that his convictions cannot stand because the jury relied on confusing jury instructions that improperly reduced the Government's burden of proof. (D. 12, p. 3). According to Petitioner, there was no evidence that he ever used or carried a firearm during and in relation to a drug trafficking crime in violation of § 924(c). Petitioner made the same argument in his petition. (ECF No. 1, p. 17). It is inappropriate for Petitioner to use a Rule 59(e) motion to "rehash" old arguments. *See Caisse Nationale*, 90 F.3d at 1270. Petitioner's third ground for reconsideration is DENIED.

Petitioner fails to present the Court with any viable claims of manifest error of law or fact. His Motion amounts to nothing more than repeating his previously rejected arguments and

---

[2] This finding is consistent with Petitioner's Presentence Investigation Report (D. 8), and multiple orders from the district court in which Petitioner was tried, see e.g., Memorandum Opinion and Order of Dismissal, 92-cr-81058-MOB (E.D. Mich. Jan. 5, 2004), ECF No. 785; Memorandum Opinion and Order, 92-cr-81058-MOB (E.D. Mich. Sept. 19, 2005), ECF No. 807.

presenting caselaw that has been available for nearly thirty years. As a result, his Motion is DENIED in its entirety.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration [12] is DENIED. This case remains CLOSED.

Entered on October 16, 2019.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge